——o——

## J. F. HARDIN, Plaintiff in Error, vs. J. S. PHELPS et al., Defendants in Error.

1. *Evidence—Fraud—Link in chain of testimony.*—It is no error to exclude testimony, which is of value only as a link in a chain of evidence required to make out a defense of fraud, and is unsupported by such other testimony.

*Error to Greene Circuit Court.*

*Hardin & Ellis*, for Plaintiff in Error.

*Sherwood and McAfee, & Phelps*, for Defendants in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for lands in Greene county. There were numerous deeds and documents read in evidence to show title in one John A. Miller, under whom both parties to claim. Both parties claim title from Miller, by virtue of execution sales and sheriff's deeds. The sheriff's deed, held by the defendants, was made to John S. Phelps under execution sale on older judgments than the sale and deed under which plaintiff claims. After the defendants had introduced the sheriff's deed to Phelps, the plaintiff proposed to attack it as being made by a fraudulent combination between Phelps and John A. Miller, to hinder and defraud the creditors of Miller, and to this end, introduced evidence tending to show that Miller, at the time of the execution sale, was largely indebted and in insolvent circumstances. He then introduced evidence of the facts and circumstances attending the purchase of this land by Phelps at execution sale, which were to the effect, that Phelps made the purchase without any consultation with Miller; did not know Miller in the transaction at all, but purchased with his own money but intended to let Miller's wife have it, she claiming it by another purchase made by her father with his own money.

Instead of conveying the land to Mrs. Miller, Phelps and his co-defendant bought her title to the land and now hold under both titles. There was contradictory evidence as to whether Phelps had proclaimed at the sheriff's sale, that Mrs. Miller owned this land by a prior purchase. This was in substance all the testimony in regard to the alleged fraud.

At the close of the evidence, the defendants moved the court to exclude from the consideration of the jury all the evidence tending to prove Miller's indebtedness, on the ground that when offered the defendants objected to it, and on the ground that it did not tend to prove the issues in the case, &c.

This motion was sustained, and plaintiff took a non-suit, and afterwards moved to set the same aside, which was over ruled and a judgment rendered against him, on the non-suit, and he has brought the case here by writ of error.

The only question presented by this record, is the action of the court in sustaining defendant's motion to exclude the evidence of Miller's indebtedness. This evidence was offered as the first link in a chain of evidence to be made out on the question of fraud in obtaining the sheriff's deed to Phelps. As no other evidence was offered or given to establish this fraud, in my judgment it was the plain duty of the court to exclude the whole of the evidence touching the allegations of fraud. There was not a particle of evidence of any fraud or fraudulent combination on the part of Phelps and Miller, or either of them. The court in my opinion committed no error in excluding the evidence or in overruling the motion to set aside the non-suit.

Judgment affirmed. Judge Sherwood not sitting. The ther judges concur.